IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


JEFFREY WALKER,

    Plaintiff,

vs.                                      Case No. 4:07cv180-RH/WCS

FLORIDA PAROLE COMMISSION,
MONICA DAVID, COMMISSIONER,

    Defendants.

                                       /


## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983.  Doc. 1.  In a separate order entered this day, Plaintiff's motion seeking *in forma pauperis* status was granted and Plaintiff permitted to proceed without payment of an initial partial filing fee.  The complaint has now been reviewed as is required by 28 U.S.C. § 1915A.

Plaintiff's sole claim in this case is that his due process rights were violated when the Defendant Parole Commission used "multiple aggravators without articulating with individual particularities why they were used in violation" of Florida law.  Doc. 1, p. 8.  Essentially, Plaintiff complains about the Parole Commission's calculation of his "offense severity," consideration of aggravating factors in establishing a presumptive

parole release date, and setting a "matrix time range." Doc. 1, p. 9. Plaintiff also contends that Defendant fails to "articulate with individual particularity why" multiple separate offenses are enhancements. *Id.*, at 10. He also complains that Defendant fails to provide competent evidence that his institutional conduct was unsatisfactory, that his personal hygiene was unsatisfactory, or that he was not satisfactorily complying with regulations concerning his clothing. *Id.*, at 11. Plaintiff then claims that Defendant failed to demonstrate with persuasive facts that he was not adhering to the Department's rules and regulations and that his performance evaluations were unsatisfactory. *Id.*, at 12. Much of Plaintiff's complaint focuses on these alleged deficiencies and failures when considering Plaintiff's prospect for parole and calculating his presumptive parole release date. As relief, Plaintiff seeks to have many of the Parole Commission's findings removed and have his presumptive parole release date recalculated. Doc. 1, p. 18.

To the degree that Plaintiff claims the Defendants did not comply with Florida law, Plaintiff has not alleged a federal constitutional violation. Nevertheless, it is presumed that Plaintiff is attempting to allege a constitutional due process violation under the Fourteenth Amendment.

It has been well established that no due process rights exist for parole procedures because Plaintiff has no legitimate expectation of parole. In O'Kelley v. Snow, 53 F.3d 319 (11th Cir. 1995), the Georgia Parole Board examined the plaintiff's likelihood of success on parole and established a parole score. The Board made decisions about the crime severity level, his "prior probation and parole failures," and set a "parole success score." The plaintiff brought a § 1983 action challenging that decision

and claiming the Board violated his due process rights by departing from the Parole Decision Guidelines System. O'Kelley, 53 F.3d at 320. In particular, the plaintiff alleged the Board "failed to explain adequately the specific reason for its actions." *Id.*

Likewise, in Florida there is no right to parole and, thus, no "constitutionally protected liberty interest in parole." 3 F.3d at 321, *citing* Sultenfuss v. Snow, 35 F.3d 1494 (11th Cir. 1994) (en banc), *cert. denied*, 513 U.S. 1191 (1995). In Sultenfuss, the Eleventh Circuit thoroughly examined Georgia's parole system and "conclude[d] that no protected liberty interest in parole is created." 35 F.3d at 1502. The court found that the parole statutes did not "meaningfully limit the discretion of state officials" but, instead, granted an explicit reservation of discretion to the parole board. *Id.; see also* O'Kelley, 53 F.3d at 321 (reaffirming Sultenfuss in holding "the Georgia parole system does not create a constitutionally protected liberty interest in parole."). Florida's parole system also mandates that the granting of parole "is left to the discretion of the [Parole] Commission . . . ." Jonas v. Wainwright, 779 F.2d 1576, 1577 (11th Cir. 1986), *citing* Moore v. Florida Parole & Probation Comm'n, 289 So. 2d 719 (Fla. 1974); Paschal v. Wainwright, 738 F.2d 1173, 1180 (11th Cir. 1984). "There is no constitutional right to parole in Florida." Jonas, 779 F.2d at 1577, *citing* Hunter v. Florida Parole & Probation Comm'n, 674 So. 2d 847, 848 (11th Cir. 1982).[1]

A due process claim may be maintained only where a protected liberty interest is at stake. *See* Sandin v. Conner, 515 U.S. 472, 487, 115 S. Ct. 2293, 2302, 132 L. Ed.

---

[1] "It is the intent of the Legislature that the decision to parole an inmate from the incarceration portion of the inmate's sentence is an act of grace of the state and shall not be considered a right." FLA. STAT. § 947.002(5).

2d 418 (1995).  "[T]he Due Process Clause standing alone confers no liberty interest . . . ."  Sandin, at 480, 115 S. Ct. at 2298.  Since Plaintiff has no protected liberty interest or right to parole in Florida, the Due Process Clause is not triggered and Plaintiff is not entitled to its protections.  Accordingly, Plaintiff's complaint, filed under 42 U.S.C. § 1983, should be dismissed for failure to state a claim upon which relief may be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. , be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on May 25, 2007.

s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**