IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


JEFFREY WALKER,

    Plaintiff,

vs.                                  Case No. 4:07cv180-RH/WCS

FLORIDA PAROLE COMMISSION,
MONICA DAVID, COMMISSIONER,

    Defendants.

_____/


## REPORT AND RECOMMENDATION

This cause has been remanded by the Eleventh Circuit "for the limited purpose of determining when Appellant's notice of appeal" was delivered to prison officials to determine whether the *pro se* Plaintiff's appeal was timely filed. Doc. 15. The district court must make this determination. *Id.* For the reasons which follow, there is no need for an evidentiary hearing.

Plaintiff is an inmate incarcerated within the Florida Department of Corrections. His civil rights case was dismissed in this Court on June 25, 2007. Docs. 8, 9. Plaintiff's notice of appeal was entered on the docket on July 26, 2007. Doc. 10.

Under F.R.A.P. 4(a), a notice of appeal "must be filed with the district clerk within 30 days after the judgement . . . is entered." When Plaintiff initiated this case, he was

incarcerated at Washington Correctional Institution in Chipley, Florida. Doc. 1. At the time Plaintiff filed his notice of appeal, however, he listed his address as being incarcerated or otherwise detained in Tampa, Florida, at the "Hillsborough Dept. Detent." *See* doc. 10. Plaintiff did not date his notice of appeal, but the envelope in which Plaintiff mailed his notice has a postal stamp indicating it was mailed from Tampa, Florida on July 24, 2007. Also written on the envelope is a notation that this was legal mail and the deadline was July 26, 2007. As July 24th is twenty-nine days from the date the order dismissing this case was entered on the docket, the appeal should be considered timely filed pursuant to the prison "mailbox rule."[1]

The Court, therefore, should order that the Clerk of Court re-enter the notice of appeal on the docket and scan the mailing envelope which was attached to the notice, doc. 10, as part of the notice of appeal. This supplemented record should then be immediately transmitted to the Eleventh Circuit Court of Appeals.

Additionally, the Clerk of Court should be directed to provide a copy of this Order to Plaintiff at his address of record as well as to Plaintiff at the detention center in Tampa. Plaintiff shall immediately file a notice of his current address so that mail reaches him in a timely fashion.

---

[1] Under the "mailbox rule, a document submitted for filing in court by a pro se prisoner is deemed to be filed on the date the prisoner delivers the motion to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

Case No. 4:07cv180-RH/WCS

Accordingly, it is **RECOMMENDED** that the Court **ORDER** that:

1.  The Clerk of Court shall re-enter Plaintiff's notice of appeal, doc. 10, on the docket.  The mailing envelope attached to the notice shall be scanned on the electronic docket so it can be determined when Plaintiff's notice was mailed to the Court.

2.  The Clerk of Court shall provide a copy of this Order to Plaintiff at his address of record as well as to Plaintiff at the detention center in Tampa, as listed on his notice of appeal, doc. 10.

3.  Plaintiff shall file a notice of his current address no later than September 18, 2007, so that mail will reach him in a timely fashion.

4.  The Clerk of Court shall immediately transmit this supplemented record to the Eleventh Circuit Court of Appeals.

**IN CHAMBERS** at Tallahassee, Florida, on September 5, 2007.

> s/    William C. Sherrill, Jr.
> **WILLIAM C. SHERRILL, JR.**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 10 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**